UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D. BRADLEY CROW,<br><br>  Plaintiff,<br>v.<br><br>JUDY WALSH, JAMES SHAW, and<br>LOIS GOROSPE,<br><br>  Defendants. | Civil No. 07CV1767 JAH(WMc)<br><br>**ORDER *SUA SPONTE* DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS MOOT** |

Plaintiff, a non-prisoner appearing *pro se*, has a filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging defendants Judy Walsh, James Shaw, and Louis Gorospe, employees of Time Warner Cable, violated his constitutional rights when they terminated his cable television and internet service without notice. Plaintiff also filed a motion to proceed *in forma pauperis* concurrently with his complaint. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is

1 "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking
2 monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
3 Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.
4 § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27
5 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a
6 complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule
7 on its own motion to dismiss before directing that the complaint be served by the U.S.
8 Marshal pursuant to Fed. R. Civ. P. 4(c)(2). Lopez, 203 F.3d at 1127.

9 In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege facts to show:
10 (1) the violation of rights secured by the Constitution or laws of the United States, and
11 (2) that the alleged violations were committed by persons acting under the color of state
12 law. *See* West v. Atkins, 487 U.S. 42, 48 (1988); Karim-Panahi v. Los Angeles Police
13 Dept., 839 F.2d 621, 624 (9th Cir. 1988).

14 Private citizens may be held liable under § 1983 only for acts which are alleged to
15 have been taken under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981),
16 *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327 (1986); Haygood v.
17 Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*). A private individual generally
18 does not act "under color" of state law, an essential element of a § 1983 action. Gomez
19 v. Toledo, 446 U.S. 635, 640 (1980). "[P]urely private conduct, no matter how wrongful,
20 is not within the protective orbit of section 1983." Ouzts v. Maryland Nat'l Ins. Co., 505
21 F.2d 547, 550 (9th Cir. 1974); *see also* Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir.
22 1991).

23 "The under color of law requirement of § 1983 has been treated as the equivalent
24 of the state action requirement of the Fourteenth Amendment." Adams v. So. Cal. First
25 Nat'l Bank, 492 F.2d 324, 329 (9th Cir. 1973) (citing United States v. Price, 383 U.S.
26 787, 794-795 n.7 (1966); Green v. Dumke, 480 F.2d 624, 628 (9th Cir. 1973); *but cf.*
27 Adickes v. S.H. Kress & Co., 398 U.S. 144, 188 (1970) (Brennan, J., concurring and
28 dissenting). "Under these concepts, the Supreme Court has frequently held that action

1 | taken by what would otherwise be considered to be private individuals or organizations
2 | is within the state action definition." Adams, 492 F.2d at 329 (footnote omitted).

3 | Nevertheless, a plaintiff may seek to hold a private actor liable under section 1983;
4 | however, he must allege facts that show some "state involvement which directly or
5 | indirectly promoted the challenged conduct." Ouzts, 505 F.2d at 553; West, 457 U.S. at
6 | 54; Johnson v. Knowles, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). "Whether a private
7 | party engaged in state action is a highly factual question." Brunette v. Humane Society
8 | of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002) (citing Howerton v. Gabica, 708
9 | F.2d 380, 383 (9th Cir. 1983)).

10 | "Several tests have emerged to evaluate whether a private actor has engaged in state
11 | action." Id. at 1210. They are: (1) the "joint action" test which examines whether private
12 | actors are willful participants in joint action with government agents, *see* Dennis v. Sparks,
13 | 449 U.S. 24, 27-28 (1980); (2) the "symbiotic relationship" test which asks whether the
14 | government has so far insinuated itself into a position of interdependence with a private
15 | entity that the private entity must be recognized as a joint participant in the challenged
16 | activity, *see* Rendell Baker v. Kohn, 457 U.S. 830, 842-43 (1982); and (3) the "public
17 | functions" test which inquires whether the private actor performs functions traditionally
18 | and exclusively reserved to the States, *see* Flagg Bros. v. Brooks, 436 U.S. 149, 157 (1978).
19 | Id.

20 | Here, plaintiff alleges only that three private persons acting on behalf of a private
21 | entity, Time Warner Cable, violated plaintiff's constitutional rights to due process and
22 | equal protection under the Fourth Amendment to the United States Constitution by
23 | terminating his cable television and internet services without notice. Plaintiff does not
24 | allege that the actions at issue are traditionally or exclusively reserved to the states, the
25 | individual defendants participated jointly with the government regarding the acts at bar,
26 | or the government insinuated itself into any portion of the acts complained of herein, or
27 | there is any nexus between the state and the individual defendants' actions. Thus, this
28 | Court finds that plaintiff has failed to demonstrate the individual defendants acted under

1 | color of state law.  *See* Flagg Bros., 436 U.S. at 157;  Rendell-Baker, 457 U.S. at 838;
2 | Dennis, 449 U.S. at 27-28.  Therefore, this Court finds that the instant complaint fails to
3 | state a claim under section 1983 and must be *sua sponte* dismissed pursuant to 28 U.S.C.
4 | § 1915(e)(2)(B).  *See* Calhoun, 254 F.3d at 845; Lopez, 203 F.3d at 1126-27.
5 |     Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that the
6 | instant complaint is **DISMISSED without prejudice**.  Because this Court dismisses the
7 | complaint, plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot**.

9 | Dated:     September 10, 2007

*[signature]*

HON. JOHN A. HOUSTON
United States District Judge